# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

CARLOS RENE DELGADO,

    Petitioner,

    v.                                              Case No. 06-C-0352

PHIL KINGSTON,

    Respondent.

## DECISION AND ORDER

### NATURE OF CASE

On March 22, 2006, the petitioner, Carlos Rene Delgado, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his judgment of conviction for six counts of first-degree sexual assault of a child. On March 30, 2006, the court ordered the petitioner to submit his petition on a court-approved form and attach copies of all state court decisions concerning his conviction. The petitioner complied with the court's order by submitting an amended petition on April 17, 2006.

The petitioner challenges his judgment of conviction on the following grounds: (1) the State presented expert testimony whereby the witness vouched for the credibility of the victims; (2) the prosecutor exploited the inadmissible testimony during closing argument; (3) trial counsel was ineffective for not objecting to any and all statements made by the State's expert witness; (4) post-conviction counsel was ineffective for failing to move for a new trial based upon the

court's decision to admit hearsay testimony under the medical diagnostic exception to the hearsay rule; and (5) post-conviction counsel was ineffective for failing to move for a new trial based upon trial counsel's failure to object to the expert witness' hearsay testimony.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

United States District Judge J. P. Stadtmueller conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Proceedings for the United States District Courts. By order filed May 12, 2006, Judge Stadtmueller determined that the case should proceed and ordered the respondent to answer the petition for a writ of habeas corpus. On June 13, 2006, the respondent filed motions to dismiss the petition as untimely, to stay the time to file an answer and to stay the briefing schedule pending a decision on the motion to dismiss. (Docket #8). On June 27, 2006, the court granted the motion to stay. The motion to dismiss is fully briefed and will be addressed herein.

In this case, the respondent asserts that the petitioner's petition was filed outside the one-year statute of limitations for habeas corpus petitions. In opposing the respondent's motion, the petitioner states that he does not speak English well, that he lacks understanding of the law and that because he had so many different attorneys handling his case, he was not sure of filing dates and miscalculated the date by which he had to file his petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year from the final disposition of their cases to file for habeas corpus relief. 28 U.S.C. § 2244(d); see Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). Specifically 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . [1]

The AEDPA also provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year statute of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run. Id. at 674-675.

The petitioner's case was originally tried to a jury in January 1993. The jury found the petitioner guilty on all counts, but the Wisconsin Supreme Court reversed the convictions after

---

[1] Only 28 U.S.C. § 2244(d)(1)(A) applies in this case. The petitioner has not asserted that the one-year time limit is governed by any of the events listed in 28 U.S.C. § 2241(d)(1)(B)-(D).

- 3 -

concluding that the jury included a biased juror. The State retried the petitioner in September and October 1999. The jury again found the petitioner guilty on all six counts of first-degree sexual assault. The petitioner appealed the judgment of conviction which was affirmed by the Wisconsin Court of Appeals on January 15, 2002.

The Wisconsin Supreme Court denied the petitioner's request for review on May 21, 2002. The petitioner did not file a petition for certiorari in the United States Supreme Court. Ninety days from that date was August 19, 2002, during which time the petitioner could have petitioned the United States Supreme Court for certiorari review and, therefore, the petitioner's one-year statue of limitations began to run the next day, August 20, 2002. See Fed. R. Civ. P. 6(a).

On July 10, 2003, the petitioner filed a Wis. Stat. § 974.06 motion, a state post-conviction proceeding which had the effect of tolling the statute of limitations. 28 U.S.C. § 2244(d)(2). The petitioner filed his motion 324 days after the one-year period of limitations had started to run. The petitioner's motion and his appeal of its denial were pending in state court until July 28, 2005, when the Wisconsin Supreme Court denied his petition for review.

After the denial of this petition for review, the statute of limitations again began to run because, unlike on direct review, the period of limitations under 28 U.S.C. § 2244(d) is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court. There is no indication that the petitioner sought certiorari review in the United States Supreme Court for his Wis. Stat. § 974.06 motion.

- 4 -

See Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000).[2]

Accordingly, the petitioner's one-year statute of limitations began running again on July 29, 2005, at which time he had 41 days remaining in his statutory limitations period (365 days - 324 days = 41 days). Thus, the petitioner had to file his habeas petition on or before September 7, 2005, in order for it to be timely filed under § 2244(d). The petitioner did not file his petition until March 22, 2006, more than six months after the one-year statute of limitations had expired. Thus, the petition is untimely.

However, although not specifically stated, the petitioner apparently is asserting that the time for filing his petition for a writ of habeas corpus should be equitably tolled, given his limited knowledge of English and the law as well as the various filing dates communicated to him by his numerous attorneys. Neither the United States Supreme Court nor the court of appeals for this circuit has decided whether, or to what extent, the doctrine of equitable tolling of the one-year deadline in § 2254(d)(1) is available under the AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005); Williams v. Sims, 390 F.3d 958, 962 (7th Cir. 2004); Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). If equitable tolling applies, the petitioner would have to establish: (1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Equitable tolling, however, is "rarely granted." Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006).

---

[2]The Supreme Court granted certiorari in Lawrence v. Florida, __ U.S. __, 126 S.Ct. 1625 (2006) on March 27, 2006, to consider whether ADEPA's period of limitations is tolled during the pendency of a petition for a writ of certiorari from a judgment denying state post-conviction relief. See Day v. McDonough, ___ U.S. ___, 126 S.Ct. 1675, 1680 n.2 (2006) (discussing Lawrence).

- 5 -

In Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), a habeas petitioner argued that the statute of limitations for his petition should have been equitably tolled in light of the barriers he faced in discovering the lack of effective assistance of counsel. These included: (1) his attorney's failure to respond to his letter, (2) his inability to understand the docket sheet because of a language barrier, (3) his limited education and lack of knowledge of the legal system and (4) his attorney's failure to consult him on the possibility of an appeal. The court rejected the petitioner's request for equitable tolling because the grounds presented did not constitute the kind of extraordinary circumstances that justify equitable tolling. The court stated that equitable tolling "is granted sparingly . . . . Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." Montenegro, 248 F.3d at 594 (quoting United States v. Marcello, 212 F.3d 1005, 1010 [7th Cir 2000]).

In this case, the petitioner asserts similar circumstances, such as his lack of proficiency in English and lack of knowledge of the legal system. Upon due consideration, the court finds that the circumstances cited by the petitioner fail to rise to the level of extraordinary circumstances warranting equitable tolling. Therefore, the petitioner's request for equitable tolling will be denied.

In sum, the petitioner's petition for a writ of habeas corpus is untimely, having been filed, more than six months after the expiration of the one-year limitations period. Moreover, the petitioner has not established grounds for equitable tolling of the limitations period. Accordingly, the respondent's motion to dismiss the petitioner's petition for a writ of habeas corpus will be granted.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of October, 2006.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge